IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EARL SMITH, | ) | No. C 11-0879 LHK (PR) |
| Petitioner, | ) ) | ORDER OF TRANSFER |
| vs. | ) ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Respondents. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254. It is clear, however, that Plaintiff is challenging the conditions of confinement rather than his conviction or sentence. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). That is, when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a section 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are

1  the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A
2  civil rights action, in contrast, is the proper method of challenging 'conditions of . . .
3  confinement.'") (citation omitted).  Here, because Petitioner is attacking the conditions of his
4  confinement rather than his conviction or sentence, the Court construes this action as a civil
5  rights action under 42 U.S.C. § 1983.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971)
6  (recognizing that a district court may construe a habeas petition by a prisoner attacking the
7  conditions of his confinement as a civil rights action under 42 U.S.C. § 1983).
8         So construed, a review of the complaint reveals that the acts complained of occurred in
9  San Diego, and Defendants are located in San Diego, which lies within the venue of the Southern
10 District of California.  Therefore, venue properly lies in the Southern District.  *See* 28 U.S.C.
11 § 1391(b).  Accordingly, this case is TRANSFERRED to the United States District Court for the
12 Southern District of California.  *See* 28 U.S.C. § 1406(a).  The Clerk shall terminate all pending
13 motions and transfer the entire file to the Southern District of California.
14      IT IS SO ORDERED.
15 DATED:   3/31/11                     *Lucy H. Koh*
16                                      LUCY H. KOH
                                        United States District Judge

Order of Transfer
P:\PRO-SE\SJ.LHK\CR.11\Smith879trans.wpd          2